# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**D.R., individually, and through
next friend and father A.R.;**

> **Plaintiff,**

**v.**                                              **Case No.: 4:10cv312/MCR/WCS**

**FLORIDA STATE BOARD OF
EDUCATION, DR. ERIC J. SMITH,
in his official capacity as
Florida Commissioner of Education; and
ORANGE COUNTY SCHOOL BOARD,**

> **Defendants.**

_____/

## ORDER

Plaintiff D.R., individually, and through next friend and father A.R. has filed suit under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, alleging in the amended complaint that the Florida State Board of Education and Dr. Eric J. Smith[1] (collectively the "Board of Education") failed to provide an adequate system of procedural rights as required by the IDEA, and that the Orange County School Board (the "School Board"), is responsible for the plaintiff's attorney's fees incurred during an IDEA administrative action.  (Doc. 21.)  Pending before the court are the defendants' motions to dismiss the amended complaint (docs. 23 & 24), which the plaintiff opposes (docs. 29, 30, 32).  Having considered the motions and responses, the court finds that the motions to dismiss should be granted for the following reasons.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

_____

[1]  Dr. Smith is sued in his official capacity as Florida Commissioner of Education

of the claim showing that the pleader is entitled to relief;" detailed allegations are not required. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks dismissal of the complaint for failure to state a claim on which relief can be granted. In considering a Rule 12(b)(6) motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The motion is properly denied if the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This "plausibility standard" requires a showing of "more than a sheer possibility" that the defendant is liable on the claim. *Id.* The allegations of the complaint must set forth enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the complaint must contain sufficient factual matter, accepted as true, to permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. However, the court need not credit "[t]hreadbare recitals" of the legal elements of a claim unsupported by plausible factual allegations because "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* When deciding a motion to dismiss, "the court limits its consideration to the pleadings and exhibits attached thereto" and incorporated into the complaint by reference. *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 n.7 (11th Cir. 2006) (internal marks omitted).

**BACKGROUND**

Some background information regarding the IDEA will be helpful to understanding the facts. The IDEA is a comprehensive statutory scheme governing the manner in which states and public agencies provide special education and related services to children with disabilities. *See* 20 U.S.C. § 1400, *et seq.* Basically, the IDEA creates a federal grant program to assist states in educating disabled children. 20 U.S.C. § 1400(d); *see also M.T.V. v. DeKalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1157 (11th Cir. 2006). States are entitled to receive these funds if they implement policies and procedures to ensure that disabled

children are provided a free, appropriate public education ("FAPE"), including offering each student special education and related services under an individualized education program ("IEP").  20 U.S.C. § 1412(a).  States must also provide certain procedural safeguards to the parents and children with the central purpose of facilitating a FAPE.  *Id.* § 1412(a) (6); *see Winkelman ex rel. Winkelman v. Parma City School Dist.,* 550 U.S. 516, 524 (2007).  Among these procedural safeguards is the parents' right to an administrative "due process" hearing if they disagree with their local educational agency regarding the appropriateness of the child's current IEP.  20 U.S.C. § 1415(f)(1)(A).  *See also Winkelman*, 550 U.S. at 529 (noting the "IDEA includes provisions conveying rights to parents as well as to children").  Prior to any such hearing, the local educational agency is required to convene a meeting, or "resolution session," with the parents where the parents discuss the complaint and the local educational agency is provided an opportunity to resolve it; any written settlement agreement reached at a resolution meeting is executed as a legally binding agreement and the IDEA provides that it is enforceable in state or federal court.  *Id.* § 1415(f)(1)(B).  If the parties proceed to a due process hearing, it is conducted by an administrative law judge ("ALJ") from the Division of Administrative Hearings of the Department of Management Services on behalf of the Department of Education.  *See* Fla. Stat. § 1003.57(1)(b); Fla. Admin. Code R. 6A-6.03311(9)(u).  The IDEA provides that parties to a hearing have the right to written findings of fact and decisions, 20 U.S.C. § 1415(h), and that the ALJ's decision is final, except that any party involved in a due process hearing may appeal to the state agency, *id.* § 1415(g), and any party "aggrieved by" an ALJ's "findings and decision," or an administrative appeal, has the right to bring a civil action in state or federal court, *id.* § 1415(i).  In any action or proceeding under the IDEA, a district court, in its discretion, "may award reasonable attorneys' fees" to a "prevailing party who is the parent of a child with a disability."  *Id.* § 1415(i)(3)(B)(I).

The plaintiff alleges in the amended complaint that D.R. is an 18 year old girl who meets the IDEA's eligibility criteria of a "child with a disability."  § 1401(3).  In April 2009, after the School Board failed to provide D.R. with a FAPE for over a year and a half, her father initiated a due process hearing.  Pursuant to § 1415(f)(1)(B), the parties met for a

resolution session.  Although progress was made, no settlement was reached at the resolution meeting because the parties needed to obtain further information and evaluations necessary to develop a new IEP.  After eleven months, the parties reached an agreement. Both parties sought to have their settlement agreement incorporated into a Consent Order endorsed by the ALJ.  They submitted a proposed final order, which set forth the terms of the agreement and listed certain actions agreed to by the School Board.[2]  The ALJ did not sign the submitted proposed final consent decree.  Instead, the ALJ noted in the final order of dismissal that the parties had resolved the dispute and stated that an ALJ has no authority to approve or disapprove a settlement executed by the parties, and that therefore, "submission of a consent final order for signature by an ALJ is unnecessary."[3]  (Doc. 21-2, at 1.)  The pending petition for a due process hearing was therefore dismissed.

The plaintiff subsequently initiated the present action, seeking attorney's fees as the prevailing party against the School Board, and alleging that the Board of Education failed to provide an adequate system of procedural rights, which allegedly deprived the plaintiff of a settlement agreement enforceable in federal court, and that the Board of Education deprived the plaintiff of the right to be determined a prevailing party under the IDEA for purposes of obtaining an award of attorney's fees.  Defendants argue, among other things, that the plaintiff has failed to state a claim because the facts alleged provide no basis for finding the plaintiff to be a prevailing party and no basis for finding that the available state procedures deprived the plaintiff of any right afforded under the IDEA.

## DISCUSSION

**The Claim Against the School Board**:

In the cause of action against the School Board (count three), the plaintiff seeks reasonable attorney's fees as a prevailing party under the IDEA.  The plaintiff alleges the ALJ erred in denying the parties' joint request to adopt the settlement agreement and that,

---

[2]  There is no mention of any agreement regarding attorney's fees in the proposed order summarizing the settlement terms.

[3]  The ALJ cited no legal authority for this conclusion.

"[b]ut for the ALJ's erroneous determination of lack of jurisdiction, [the plaintiff] would meet all the requirements of [prevailing party] status." (Doc. 21, at 19.) The School Board argues that the complaint does not state a plausible claim for an award of attorney's fees arising from the administrative proceedings.

Contrary to the ordinarily applicable "American Rule," that parties are typically responsible for their own attorney's fees, the IDEA contains a specific provision authorizing courts, in their discretion, to award "reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(I). *See Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 247 (1975) (discussing the "American Rule"). In *Buckhannon Board and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001), the Supreme Court explained that under "prevailing party" statutes, which have been interpreted consistently with one another, courts may award fees only when there is a "judicially sanctioned change in the legal relationship of the parties." *See also id.* at 602-03 & n.4. In other words, a "prevailing party" is one who obtains relief from the court, such as a judgment on the merits or a court-ordered consent decree. *Id.* at 604. The Court reasoned that a "defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change."[4] *Id.* at 605.

The Eleventh Circuit has not expressly applied the *Buckhannon* test in the IDEA context, but there is no reason to conclude it would not. The Eleventh Circuit has applied *Buckhannon* broadly in a wide variety of fee-shifting statutory contexts, expressly noting the Supreme Court's acknowledgment that the various fee-shifting statutes are to be interpreted consistently with each other. *See Morillo-Cedron v. Dist. Dir. for U.S. Citizenship & Immigration Servs.*, 452 F.3d 1254, 1258 (11th Cir. 2006) (applying *Buckhannon* to claims under the Equal Access to Justice Act); *Cook v. Randolph Cnty. Ga.*, 573 F.3d 1143, 1155

---

[4] The "catalyst theory," rejected by the Supreme Court in *Buckhannon*, would have allowed a plaintiff to obtain prevailing party status and seek an award of attorney's fees where the suit had simply effected a voluntary change in conduct on the part of the defendant; thus, a fee award was possible under that theory where there was no judicially sanctioned change in the legal relationship between the parties. *See Buckhannon*, 532 U.S. at 601-02; 604 -05.

(11th Cir. 2009) (applying *Buckhannon* in the Civil Rights Act and Voting Rights Act contexts); *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 904 (11th Cir. 2003) (noting that it is "now established" that there must be a court-ordered material alteration of legal relationship to permit an award of fees under § 1988, citing *Buckhannon*); *see also Matthew V. ex rel. Craig V. v. Dekalb Cnty. Sch. Sys.*, 244 F. Supp. 2d 1331, 1341-43 (N.D. Ga. 2003) (noting that in *Loggerhead Turtle v. The County Council of Volusia Cnty.,* 307 F.3d 1318 (11th Cir.2002), the Eleventh Circuit implicitly concluded that *Buckhannon*'s analysis should be applied to all prevailing party statutes).[5]   Citing *Buckhannon*, the Eleventh Circuit has instructed that to be considered a prevailing party, "there must be (1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties."  *Smalbein*, 353 F.3d at 905 (internal marks omitted).  The court also stated, "One may be a prevailing party through formal entry of a consent decree as to a private settlement agreement because the agreement has the necessary judicial approval and oversight to be considered an alteration in the legal relationship of the parties warranting an award of attorney's fees under [the fee-shifting statutes]."  *Id.*  It is clear from this authority, as well as the language of  *Buckhannon* itself and the interpretation of other circuits, that "a settlement of an IDEA administrative proceeding between the parties, followed by a dismissal of the proceedings – without more – does not render the plaintiff a 'prevailing party' for statutory fee-shifting purposes no matter how favorable the settlement

---

[5]  The Eleventh Circuit has cited *Buckhannon* favorably in an unpublished case dealing tangentially with the IDEA, stating affirmatively that "only a party who obtains a judgment on the merits or a similar court-ordered change in the parties' legal relationship, such as a consent decree, may be considered a 'prevailing party' for purposes of a fee award."  *See Robert v. Cobb Cnty School Dist.*, 279 Fed. Appx. 798, 801 (11th Cir. 2008) (unpublished) (citing to *Buckhannon* parenthetically, but ultimately holding that the IDEA fee shifting statute was inapplicable because the plaintiff had not obtained relief on an IDEA claim; only on a state law claim).  Other courts have explicitly and consistently applied the principles of *Buckhannon* to ALJ orders under the IDEA.  *See, e.g.,  A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 75-76 (2nd Cir. 2005) (applying *Buckhannon* in the IDEA context and concluding that administrative imprimatur satisfies *Buckhannon*'s "judicial imprimatur" requirement); *John T. ex rel. Paul T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 556-58 (3d Cir. 2003); *Matthew V. ex rel. Craig V. v. Dekalb Cnty. Sch. Sys.*, 244 F. Supp. 2d 1331, 1341-43 (N.D. Ga. 2003) (applying *Buckhannon* in the IDEA context and noting the Eleventh Circuit has rejected a rigid reading of *Buckhannon*).

is to the plaintiff's interests." *A.R. ex rel. R.V. v. N.Y.C. Dept. of Educ.,* 407 F.3d 65, 77 (2nd Cir. 2005); *see also Bingham v. New Berlin School* Dist., 550 F.3d 601, 603 (7th Cir. 2008); *P.N. v. Seattle School Dist.,* No.*1,* 474 F.3d 1165, 1173 (9th Cir. 2007); *Doe v. Bos. Public* Schools, 358 F.3d 20, 29-30 (1st Cir. 2004); *John T. ex rel. Paul T. v. Delaware Cnty. Intermediate Unit*, 318 F.3d 545, 558 (3rd Cir. 2003).  Such a settlement plainly lacks the necessary judicial imprimatur required by law for prevailing party status.  *See Doe*, 358 F.3d at 30 (holding, "[c]onsistent with each of the circuit courts that have considered the application of *Buckhannon* to the IDEA . . . Plaintiffs who achieve their desired results via private settlement may not, in the absence of judicial imprimatur, be considered 'prevailing parties'").  Moreover, although the IDEA provides that a settlement reached during a resolution session may be enforced by a federal court, 20 U.S.C. § 1415(f)(1)(B), the complaint in this case alleges that "the Resolution Meeting did *not* result in an agreed settlement of the pending Due Process case."  (Doc. 21, at 15 (emphasis added).)  Thus, there is no genuine dispute, nor could there be on these allegations, that the plaintiff did not obtain a settlement enforceable in federal court or one that has the necessary judicial imprimatur to entitle the plaintiff to prevailing party status.

        Given *Buckhannon*, as interpreted and applied in this circuit and others, and the facts alleged in the amended complaint, the plaintiff could not be considered a "prevailing party" for purposes of the IDEA's fee-shifting provision.  The plaintiff, at least at times, agrees.[6] Yet, she contends that she *would* meet the requirements of a "prevailing party" – and thus, would be entitled to seek an award of attorney's fees – if the ALJ's had adopted the proposed consent order.  Neither the bare legal conclusion that the plaintiff is a prevailing party, nor the speculative assertion that the plaintiff *would* be a prevailing party if the ALJ had endorsed the consent decree, is sufficient to withstand a motion to dismiss for failure to state a claim on this count.  Without showing some judicial imprimatur on the settlement,

---

        [6] *See* doc. 21, at 19 (stating that "[b]ut for the ALJ's erroneous determination of lack of jurisdiction, she would meet all the requirements of [prevailing party status]"); *see also* doc. 21, at 18 (stating "[t]he ALJ erred by dismissing the action, thus denying Plaintiff the 'judicial imprimatur' necessary to be considered . . . the prevailing party").  *But see* doc. 21, at 18 (stating that "as the prevailing party, Plaintiff is entitled to attorney's fees and litigation expenses in connection with the administrative proceeding'").

a claim for attorney's fees as a prevailing party under the IDEA fee-shifting statute is not plausible. *Iqbal*, 129 S. Ct. at 1949. Therefore, the claim against the School Board must be dismissed.

**The Claims Against the Board of Education**:

In count one of the amended complaint, the plaintiff claims to be a party aggrieved by the ALJ's final order, in which the ALJ dismissed the case and denied the parties' request to adopt the settlement agreement as a consent order. The plaintiff asserts that the Board of Education "failed to provide for a system of procedural rights which assure that ALJs in IDEA due process proceedings have the authority to grant any and all relief that is necessary to ensure that a child receive FAPE," and that this failure deprived D.R. of a "legal right to have any violation of the consent decree [enforced by the federal court]." (Doc. 21, at 17.) In count two, the plaintiff asserts the Board of Education's failure to provide adequate procedures "deprived D.R. of her right to be determined a prevailing party under the IDEA." (Doc. 21, at 17.) The Board of Education asserts that the plaintiff has failed to state a claim,[7] arguing, among other things, that the IDEA does not create the substantive or procedural rights allegedly deprived.[8] The court agrees.

It is important to note that the procedural safeguards required under the IDEA are intended to ensure that disabled children are provided with a FAPE, *see Winkelman*, 550 U.S. at 524, and the amended complaint includes no factual assertion that D.R. is being

---

[7] Alternatively, the Board of Education argues that it is entitled to summary judgment. The court only addresses the Board of Education's Rule 12(b)(6) motion and sees no need to convert it into a motion for summary judgment. A court must convert a Rule 12(b)(6) motion into a motion for summary judgment only "if matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). Although the School Board has attached documents to its motion to dismiss, the court sees no need to consider them and decides the motion solely on the basis of the complaint and documents attached thereto.

[8] The School Board also argues that the Eleventh Amendment bars suit against it. Plaintiff argues that the IDEA explicitly abrogates this immunity by stating a "state shall not be immune under the 11th Amendment to the Constitution of the United States from suit in Federal court for a violation of this chapter." 20 U.S.C. §1403(a) (conditioning a state's receipt of federal IDEA funds to its consent to suit under that statute). Plaintiff states that every circuit to address the issue has concluded that the IDEA has effectively abrogated Eleventh Amendment immunity, and the School Board presents no case law to the contrary. Nonetheless, the court finds it unnecessary to reach this and other arguments the Board of Education advanced in the motion to dismiss because the court concludes that the plaintiff has failed to state a claim.

deprived of a FAPE or of a procedure that would otherwise permit D.R. to receive a FAPE. Instead, this cause of action is about the plaintiff's ability to secure a judicially enforceable consent decree that, in turn, would have entitled the plaintiff to prevailing party status for purposes of the IDEA's fee-shifting statute.  Thus, a child's education is not at stake in this case, only a claim for attorney's fees.[9]

Plaintiff has not set forth any IDEA provision that entitles a parent to a judicially enforced consent decree or prevailing party status after a private settlement, and the court has found none.  The IDEA expressly provides that settlements reached in mediation or at the resolution meeting are judicially enforceable.  *See* 20 U.S.C. § 1415(e)(2)(F) & § 1415(f)(1)(B)(iii).  But the IDEA is silent regarding settlements reached outside these parameters.  While there is case law finding an ALJ-approved settlement agreement to be enforceable in federal court under 42 U.S.C. § 1983, s*ee P.N. v. Clementon Bd. of Educ.,* 442 F.3d 848, 854-55 (3rd Cir.), *cert. denied*, 549 U.S. 881 (2006), it does not follow that individuals have a "legal right" under the IDEA to require an ALJ to endorse a private settlement as a consent decree, or that the state has an obligation to implement procedures to guarantee that private settlements are entered as consent decrees.[10]  The facts alleged in the amended complaint show there was no ALJ-endorsed consent decree, no mediation, no due process hearing, and the settlement was not reached at the resolution meeting.  The ALJ dismissed the petition on grounds that the parties had resolved their dispute.  Plaintiff chose to bypass available procedures of mediation and/or pursuing a due process hearing, which could have ensured judicial enforceability and prevailing party status.  Although both parties "sought to have [the agreement] incorporated into a Consent Order" (doc. 21, at 15), the plaintiff did not administratively appeal the ALJ's decision not to endorse it nor did the plaintiff revoke the agreement and seek a due process hearing when the ALJ refused to

---

[9] Any award of attorney's fees is discretionary, even if prevailing party status is demonstrated.  *See* 20 § 1415(i)(3)(B)(I) (authorizing that a court *may* award attorney's fees to a prevailing party).

[10] Nonetheless, the parties to a private settlement are not without recourse as their agreement is enforceable in state court and would be governed by state contract law.  *See Munroe v. U.S. Food Serv.*, 985 So.2d 654. 655 (Fla. 1st DCA 2008).  Furthermore, the parents are free to request a due process hearing if the School Board does not provide a FAPE as required by the IDEA.

enter a consent decree, both of which the plaintiff could have done.  The IDEA guarantees the right to a FAPE, but "it does not explicitly guarantee the right to attorney's fees incurred in pursuit of that education."  *Doe*, 358 F.3d at 29 (internal marks omitted).  Whether procedures requiring an ALJ to endorse private settlement agreements would foster settlement and advance the purposes of the IDEA are policy decisions for Congress to decide, not the courts.[11]  Nothing in the IDEA requires a state to implement the procedures the plaintiff seeks; the state is therefore under no obligation to provide procedures guaranteeing a judicially enforceable settlement or prevailing party status when parties choose to settle outside of the statutorily provided resolution meeting or mediation.  The court concludes that the plaintiff's assertions of a legal right to procedures guaranteeing an ALJ-approved settlement agreement and prevailing party status are not supported by law and do not state a claim under the IDEA against the Board of Education on either count.

Accordingly, it is hereby ORDERED:

1.   The defendants' motions to dismiss (docs. 23 & 24) are GRANTED.

2.   The Clerk is directed to dismiss the case, with prejudice, and tax costs against the plaintiff.

**DONE and ORDERED** on this 18th day of July, 2011.

s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[11]  The court agrees with the First Circuit's assessment that, "[s]hould Congress wish to expressly ensure that fees are available following private settlement, it may amend the IDEA accordingly."  *Doe*, 358 F.3d at 29.

Case No: 4:10cv312/MCR/WCS